### COVENANT RESTRICTING SALES TO GOODS OF PLAINTIFF UPHELD.

Circuit Court of Cuyahoga County.

THE CLEVELAND & SANDUSKY BREWING CO. v. JOSEPH KRAVAL.*

Decided, December 14, 1908.

*Mortgages—Covenant to Sell Only Mortgagor's Brew of Beer—Enforceable in Equity.*

A covenant in a mortgage securing a credit to a saloon-keeper in his business, that he will sell no ale, beer or porter on the mortgaged premises for five years, except the brew of plaintiff, is enforceable in equity.

*Higley & Maurer*, for plaintiff in error.
*Solders, Thayer & Mansfield*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

We are unable to distinguish this case from Demko's case, reported in 29 C. C., 102.

In that case the consideration for the mortgage, whose covenants were identical with the mortgage involved in this case, was an advance of $2,700 in money; in this case it is a credit of $700 to the defendant in his business, $500 of which was evidenced by his promissory note. If the consideration was good to begin with the execution and delivery of the mortgage deed to the plaintiff vested it with the title to the premises therein described, subject to the conditions of the mortgage. Among other conditions was the covenant that no beer, ale or porter of any other brew than that of plaintiff should be sold upon the

---

* Affirmed without opinion, *Kraval* v. *Cleveland & Sandusky Brewing Co.*, 82 Ohio State, 395.

premises for five years.   The Demko case holds that this covenant survives the payment of the mortgage debt.

Plaintiff is not seeking possession of the premises under its mortgage deed, by ejectment, but enforcement of a covenant as to the use of the premises by the defendant.

This covenant is enforceable in equity (*Stines* v. *Dorman,* 25 O. S., 580).   We do not think that defendant has proved that plaintiff failed to furnish "good, wholesome and merchantable beer," by reason whereof he is entitled to a cancellation of the mortgage deed.

In the Demko case, as in this case, we follow the authorities which deal with covenants as to the use of land, contained in executed conveyances, whether by deed or lease, and so distinguish this class of cases from those brought for the enforcement of executory agreements concerning personal services, or personal property, some of which have the added debatable infirmity of being unenforcible against the plaintiff, thus lacking mutuality, as was argued, but not decided in the case of *Steinau* v. *Gas Co.,* 48 O. S., 332.

Judgment for plaintiff.